Dear Mr. Lampo:
This opinion is rendered in response to your inquiry concerning the authority of mental health boards or "governing bod[ies]" to hold title to real property and issue tax anticipation notes wherein you ask:
 Do Sections 205.975, RSMo et seq., authorize a mental health board of trustees established pursuant the same to:
 (1) Hold title in real property, and (2) Issue tax anticipation notes or, to allow the `governing body' as defined by 205.975
to do either (1) or (2) or both of the above described.
I. Authority of a mental health board of trustees to hold title to real property.
Section 205.975(1), RSMo, defines the purposes of a board of trustees as follows:
 . . . administering a county community mental health fund to establish and operate a community mental health center, mental health clinics, or any comprehensive mental health services; to supplement existing funds for a center, clinics, or services, or to purchase services from a center, clinics, or public facilities and not for profit corporations providing any comprehensive mental health services; (Emphasis added.)
The powers and duties of the board of trustees are set out in § 205.986, RSMo. Section 205.986, RSMo, states, in part, that a board of trustees shall have the ". . . powers and responsibilities toadministratively control and manage the community mental healthfund . . ." for the purposes set forth in § 205.977, RSMo, and § 205.982, RSMo (emphasis supplied). Section 205.986, RSMo, goes on to describe a board of trustees as having administrative control and management of community mental health centers, mental health clinics or comprehensive mental health services; administering and disbursing the community mental health fund for the provision of any comprehensive mental health services; having the authority to contract with existing public facilities or not for profit corporations for the provision of services; and submitting required information on the disbursement of moneys from the community mental health fund. No mention is made of a power to acquire or hold title to real property. Rather, as will be discussed further, this authority is reserved to the counties.
Inasmuch as the boards of trustees are creatures of statute, they:
 . . . `can exercise the following powers and no others: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation — not simply convenient, but indispensable . . . .' Lancaster v. County of Atchison, 352 Mo. 1039, 180 S.W.2d 706, 708 (banc 1944).
Furthermore, the individual members of the mental health board of trustees are public officers as defined by State ex rel. Zevely
v. Hackman, 300 Mo. 59, 254 S.W. 53 (banc 1923). Public officers have only such power and authority as are clearly conferred by law or necessarily implied from the powers granted. FederalTrade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587,75 L.Ed. 1324, 79 A.L.R. 1191 (1931); 67 C.J.S. Officers, § 190.
For the reasons set forth, in the absence of a clear authorization to a board of trustees to hold title to real estate, a mental health board of trustees cannot hold title to real estate.
II. Authority of mental health boards of trustees to issue tax anticipation notes.
We find no constitutional or statutory power or authority given to a mental health board of trustees to issue tax anticipation notes and it is therefore our view that no such power or authority exists.
III. Authority of "governing body" to hold title to real property.
Section 205.975, RSMo, defines a governing body as a "county court, county legislature, or other chief legislative body of a county or city not within a county."
Section 49.270, RSMo, provides that a county court:
 . . . shall have control and management of the property, real and personal, belonging to the county, and shall have power and authority to purchase, lease or receive by donation any property, real or personal, for the use and benefit of the county; . . .
Section 205.982, RSMo, provides that governing bodies may contract with each other to establish community mental health centers, mental health clinics, or comprehensive mental health services. Section205.986(1), RSMo, refers to community mental health centers, mental health clinics, or comprehensive mental health services established by a county or combination of counties.
The general authority of courts to acquire and hold real property coupled with the specific references in Chapter 205, RSMo, to the establishment of community mental health centers, mental health clinics, or comprehensive mental health services by counties lead to the conclusion that county courts, as governing bodies of counties, may hold title to real property.
IV. Authority of "governing body" to issue tax anticipation notes.
We note that your request for an opinion arises, in part, from the desire of the board of trustees of the Mental Health Board of Newton and McDonald Counties to purchase real property and issue tax anticipation notes. Therefore, as both Newton and McDonald Counties are third class counties, this portion of the discussion and opinion will be limited to counties of the third class.
Generally speaking, tax anticipation notes are negotiable notes payable out of current revenues to be derived from taxes or other revenues. Tax anticipation notes must be payable out of the county income and revenues for the year. Sections 50.070, RSMo, et seq.
As noted, the definition of governing body in § 205.975, RSMo, includes county courts. As tax anticipation notes are authorized to be issued by county courts of counties of the third class by § 50.070, RSMo, the county courts, as governing bodies of third class counties, may issue tax anticipation notes. We enclose opinions No. 230, Reid, 11/25/75; No. 318, Burrell, 9/9/65; and No. 20, Crouch, 3/16/61, holding that county courts may issue tax anticipation notes for county hospitals, county health centers and county mental health clinics. We believe the reasoning in the enclosed opinions is applicable to issuance of tax anticipation notes by the county courts for mental health boards. You will note that the tax anticipation notes for mental health boards are limited to anticipated revenue from the tax levy authorized by § 205.980, RSMo, under the reasoning of the enclosed opinions.
CONCLUSION
It is the opinion of this office that a mental health board of trustees established pursuant to §§ 205.975, RSMo, et seq., cannot hold title to real property or issue tax anticipation notes. However, the county courts, as governing bodies of a third class county, can hold title to real property. Such county court can issue tax anticipation notes for mental health boards based upon the anticipated revenues to be derived from a tax levy under § 205.980, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Hannelore D. Fisher.
Very truly yours,
 JOHN ASHCROFT Attorney General
Encs: Op. No. 20, Crouch, 3/16/61 Op. No. 318, Burrell, 9/9/65 Op. Letter No. 230, Reid, 11/25/75